Anderson v. Holder
BIA
Reid, IJ
A047 926 110

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand twelve.

PRESENT:
>
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

_____

NORMAN GEORGE ANDERSON,
>  *Petitioner*,

v.                                                              10-4697

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>  *Respondent*.

_____

For Petitioner:          Timothy W. Hoover, Ryan Pitman, Phillips Lytle LLP, Buffalo, N.Y.

For Respondent:          Tony West, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Norman George Anderson, a native and citizen of Jamaica, seeks review of an October 29, 2010, order of the BIA affirming the May 27, 2010, decision of Immigration Judge ("IJ") John B. Reid, which concluded that Anderson was removable as an alien convicted of a violation of a law relating to a controlled substance and denied his request for a continuance. *In re Norman George Anderson*, No. A047 926 110 (B.I.A. Oct. 29, 2010), *aff'g* No. A047 926 110 (Immig. Ct. Batavia, N.Y., May 27, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Title 8, Section 1252(a)(2)(C) of the United States Code provides that no court shall have jurisdiction to review a final order of removal against an alien, such as Anderson, who was convicted of a controlled substance offense. Nor do we have jurisdiction to review the agency's denial of discretionary relief. *See* 8 U.S.C. § 1252(a)(2)(B). Notwithstanding those provisions, we nonetheless retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). A question of law is not implicated "when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

We review the denial of a continuance for abuse of discretion. *See Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008); *Sanusi v. Gonzales*, 445 F.3d 193, 199

(2d Cir. 2006) (per curiam). An IJ abuses his discretion in denying a continuance "if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 549, 551-52 (2d Cir. 2006) (citations, internal quotation marks, and alterations omitted).

Anderson does not claim that the IJ made an error of law, but argues that the IJ's denial of the continuance was outside of the range of permissible decisions because the BIA has not set any standards for review of motions of continuance premised on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), and because the IJ did not consider the merits of Anderson's motion to vacate his conviction. Assuming without deciding that we have jurisdiction to review the IJ's denial of Anderson's request for a continuance, we conclude that the IJ did not abuse his discretion in denying the continuance. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 338 n.2 (2d Cir. 2006) ("Our assumption of jurisdiction to consider first the merits is not barred where the jurisdictional constraints are imposed by statute, not the Constitution, and where the jurisdictional issues are complex and the substance of the claim is, as here, plainly without merit."). Anderson argues that we should remand to the BIA to articulate clear standards for reviewing continuances requested to pursue collateral *Padilla* challenges. We need not do so, however, because we conclude that under the facts of this case, the IJ's decision to deny Anderson's request for a continuance would not be outside "the range of permissible decisions" regardless of the circumstances

in which the BIA determines granting such a continuance would be appropriate. Anderson had already twice sought and received continuances in order to obtain immigration and criminal counsel, delaying his removal proceeding by a total of eight weeks. When he requested the third continuance, his criminal counsel had not yet filed a motion to challenge Anderson's New York conviction, nor had his counsel even begun preparing such a motion. Given Anderson's failure to diligently pursue the collateral remedies available to him, the IJ could reasonably have concluded that no further continuance was warranted. Since IJs have "broad discretion" and "are accorded wide latitude in calendar management," *Morgan*, 445 F.3d at 551, we see no reason to disturb the IJ's reasonable exercise of his discretion.

Anderson further argues that because the denial of his request for a continuance was arbitrary, it violated his due process rights. We "certainly retain jurisdiction to review due process challenges," but "[a] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) (per curiam) (internal quotations omitted). Anderson has not raised a colorable constitutional claim, as he is simply re-characterizing an allegation that the IJ abused his discretion as a constitutional issue. Moreover, even if colorable, Anderson's claim fails. Anderson's right to due process was not violated as the IJ continued proceedings for over a month in order to allow him an opportunity to pursue his case. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006) (holding that there is no due process violation where the IJ's

finding was not arbitrary and the alien was not denied a full and fair opportunity to present his claims).

Finally, Anderson argues that the BIA based its decision on the mistaken belief that Anderson had not, at the time of the BIA's review, filed a collateral attack on his underlying New York conviction. We have jurisdiction to review this challenge because an "unambiguous mischaracterization of the record raises a question of law." *Maiwand v. Gonzales*, 501 F.3d 101, 105 (2d. Cir. 2007) (internal quotation marks omitted). However, in his briefs on appeal, Anderson did not inform the BIA that he had filed a motion for vacatur of his New York conviction, and there is nothing in the record before this Court to indicate that the administrative record before the BIA otherwise showed Anderson had filed for relief. Since the BIA is "prohibit[ed] from engaging in factfinding," *Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 221 (2009) (citing 8 C.F.R. § 1003.1(d)(3)(iv)), it did not err in its characterization of the record.

For the foregoing reasons, the petition for review is DISMISSED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5